UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES P. MITCHELL,                                                                                   Plaintiff,

v.                                                                          Civil Action No. 3:16-cv-279-DJH

BILL GATES,                                                                                        Defendant.

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff James P. Mitchell filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 3). Upon consideration, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff completed a general complaint form to initiate this action. He names Bill Gates as Defendant. As grounds for filing this action in federal court, Plaintiff writes, "Conmencement (8yr) [illegible] 17 – Tortance w/w Case Docket #CV-12-1478 Though-out 114-S-440." He additionally indicates that he is a citizen of Kentucky[1] and that Defendant Gates is a citizen of Kentucky or a citizen of "Egypt Ciro." As the amount in controversy, Plaintiff indicates, "700. TR. per hour since July 19., 1999 – Going to school [illegible] with Internet connection." As his

---

[1] In the section of the form requesting the basis for diversity jurisdiction, Plaintiff also fills out the section related to a corporation as a plaintiff and lists an illegible business name that he advises is incorporated under the laws of Kentucky and has its principal place of business in New York. He also seems to name this same business as a defendant corporation incorporated under the laws of North Carolina with its principal place of business in four states, the abbreviations of which are mostly illegible. The Court does not consider the business Plaintiff listed as both a plaintiff and defendant corporation in the diversity section of the complaint to be a party to this action.

statement of the claim, Plaintiff writes, "save our street inter-nationionaly harm done [N/A] not applicable." Finally, in the relief section of the complaint, Plaintiff writes, "over & under paid for 9,000,000 years worked neither nor accomodate citizenship."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). Here, Plaintiff's scant statements contain no legal theory upon which a valid federal claim may rest and are baseless. Therefore, dismissal on the basis of frivolousness is appropriate. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The complaint also fails to meet this basic pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

      For these reasons, Court will dismiss the action by separate Order.

Date:

cc:    Plaintiff, *pro se*
4415.005